# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18-cv-359-FDW

| | |
|---|---|
| JONATHAN ANTHONY LEE TORRES, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| NATHAN BALL, et al., ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). See 28 U.S.C. §§ 1915(e), 1915A(a). Plaintiff seeks to proceed in forma pauperis. (Doc. No. 2).

## I. FACTS

Pro se Plaintiff Jonathan Anthony Lee Torres,[1] a North Carolina pre-trial detainee incarcerated in the McDowell County Detention Center in Marion, North Carolina, filed the instant Complaint on December 17, 2018, pursuant to 42 U.S.C. § 1983, naming the following persons as Defendants: (1) Nathan Ball, identified as a Sergeant with the Buncombe County Sheriff's Office; (2) Dane Onderdonk, identified as a Deputy with the Buncombe County Sheriff's Office; and (3) T.R. Taylor, identified as a Deputy with the Buncombe County Sheriff's Office. Plaintiff alleges that on March 3, 2018, in Fairview, North Carolina, Defendants conducted a traffic stop without

---

[1] Plaintiff is also a former federal prisoner. He was previously convicted in this Court of being a felon in possession of a firearm, but he was released from custody in March 2017 after this Court vacated his conviction under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

probable cause and then illegally searched and arrested Plaintiff, charged him with various crimes, and illegally detained him for 24 days until Plaintiff posted bond. (Doc. No. 1 at 3-6). Plaintiff alleges that he was illegally charged with possession of a stolen vehicle, possession of methamphetamine, and possession of drug paraphernalia. (Id. at 7). Plaintiff alleges that his criminal defense attorney plans to file a motion to suppress the evidence obtained during the illegal search. (Id.). Plaintiff seeks compensatory damages.

## II. STANDARD OF REVIEW

Because Plaintiff seeks to proceed in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Here, Plaintiff complains that he is being wrongfully detained because of pending state criminal charges against him based on an illegal arrest and search. In Younger v. Harris, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. 37, 43-44 (1971). Under the Younger abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Here, the Court finds that all of the elements of Younger have been met. The Court will, therefore, abstain from addressing Plaintiff's claims while state court criminal charges are pending against him.

In sum, for the reasons stated herein, this action will be dismissed without prejudice.

## IV. CONCLUSION

Having conducted an initial review in accordance with 28 U.S.C. § 1915(e)(2), the Court finds that this action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that:

(1)   Plaintiff's Complaint is dismissed without prejudice.

(2)   Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED**.

(3)   The Clerk is instructed to terminate this action.

(4)   In accordance with 28 U.S.C. § 1915(b)(2), the correctional facility where Plaintiff is incarcerated is required to deduct monthly payments of 20% of the preceding month's income credited to Plaintiff's trust fund account each time the amount in the account exceeds $10.00. These monthly payments are to be sent to the Clerk of Court for the United States District Court for the Western District of

North Carolina until the statutory fee of $350.00 is paid in full.  The Clerk is respectfully instructed to mail this Order to McDowell County Detention Center in Marion, North Carolina.

Signed: December 27, 2018

Frank D. Whitney
Chief United States District Judge